UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BROWN J. RODGERS, III,
PAMELA D. FANNING, and
FREDERICK F. LISCOE,

    Plaintiffs,

v.                                          Case Number: 3:14-CV-255

DAVID MORGAN, in his official capacity as
Sheriff of Escambia County, Florida,
DAVID INGRAM, in his individual capacity,
CLIFFORD KILLINGSWORTH and
CLINTON KILLINGSWORTH,

    Defendants.
_____/

## COMPLAINT

Plaintiffs, BROWN J. RODGERS, III, PAMELA D. FANNING and FREDERICK F. LISCOE sue Defendants, DAVID MORGAN, in his official capacity as Sheriff of Escambia County, Florida, DAVID INGRAM, in his individual capacity, CLIFFORD KILLINGSWORTH and CLINTON KILLINGSWORTH, and allege:

## JURISDICTION

1. This is an action for damages and attorney's fees arising under 42 U.S.C. § 1983 and 1988.

2. This action alleges violations of the United States Constitution, including violation of the Fourth and Fourteenth Amendments, which forbid false arrests and the unnecessary and excessive use of force against persons during a seizure or attempted seizure.

3. This Court has original jurisdiction over this action and the parties

pursuant to 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and 28 U.S.C. §§ 1331, *et. seq*. The ancillary jurisdiction of this Court is pursuant to 29 U.S.C. § 1367 for all state law claims. State law claims are brought under the provision of Fla. Stat. § 768.28. Such claims arise from a common nucleus of operative fact with violations of 42 U.S.C. § 1983 as set forth above.

4. Venue is proper pursuant to U.S.C. § 1391 and N.D. Fla. Loc. R. 3.1(a)(1).

5. The acts, omissions, and practices described in this complaint occurred within the jurisdiction of the United States District Court in and for the Northern District of Florida.

6. Plaintiffs seek an award of compensatory damages, damages for mental anguish, pain and suffering, costs and expenses of this action, reasonable attorney's fees pursuant to 42 U.S.C. § 1983, more specifically described below. Fee entitlement is as alleged pursuant to 42 U.S.C. § 1988. Plaintiff also seeks an award of punitive damages against Defendants for their reckless and/or callous indifference to clearly established constitutional rights of Plaintiff.

7. At all times material hereto, the acts, omissions, practices and the other conduct of Defendants were committed under the color of state or local law.

8. At all times material hereto, the acts and omissions of Defendants were committed within the course and scope of their employment as Deputy Sheriffs for the Escambia County Sheriff's Department.

9. Plaintiff has complied with any and all conditions precedent necessary to bring this action.

**PARTIES**

10. At all pertinent times, Plaintiff, BROWN J. RODGERS, III ("RODGERS"), was a

resident of the State of Tennessee. The incidents alleged herein occurred in Escambia County.

11. At all pertinent times, Plaintiff, PAMELA D. FANNING ("FANNING"), has been a resident of Escambia County, Florida. The incidents alleged herein occurred in Escambia County.

12. At all pertinent times, Plaintiff, FREDERICK F. LISCOE ("LISCOE"), has been a resident of Escambia County, Florida. The incidents alleged herein occurred in Escambia County.

13. At all pertinent times, Defendant, DAVID MORGAN, in his official capacity as Sheriff of Escambia County, Florida ("SHERIFF"), has been the duly elected Sheriff of Escambia County, Florida, and the final policymaker for the Escambia County Sheriff's Office.

14. At all pertinent times, Defendant, DAVID INGRAM, was employed by the SHERIFF, in Escambia County, Florida, as a detective. He is sued in his individual capacity.

15. At all pertinent times, Defendant, CLIFFORD KILLINGSWORTH, was a resident of Escambia County, Florida.

16. At all pertinent times, Defendant, CLINTON KILLINGSWORTH, was a resident of Escambia County, Florida.

## GENERAL ALLEGATIONS

17. In or around early 2010, Plaintiffs were part-owners with others of a startup company projected to earn a significant amount of income in its first year of operation ("the Company").

18. At that time, Jeanne Weyburn, one of Plaintiffs' partners and also a part-owner of the Company, filed a false complaint against Plaintiffs and the Company with the Escambia County Sheriff's Office, specifically with Defendant INGRAM, alleging that the business was an illegal entity, and that Plaintiffs had engaged in fraudulent actions.

19. Thereafter, Defendant INGRAM, who had not interviewed Plaintiffs or conducted any meaningful investigation of the allegations, began to contact business partners and associates of Plaintiffs, and falsely informed them that Plaintiffs' business was illegal, a scam, and that Plaintiffs were criminals who had taken their money.

20. Defendant INGRAM deceived several of these business partners, using his official authority to convince them to press charges against Plaintiffs. Examples of Defendant INGRAM's deception included statements that Plaintiffs' companies were all illegal entities, that their LLC paperwork was forged, that their website did not exist (even though the only reason Ingram was unable to find it was because he typed the incorrect URL into a web browser), that Plaintiffs had criminal histories, and that other business partners were also victims of crimes perpetrated by Plaintiffs.  Further, Defendant INGRAM contacted several prospective business partners and advised them Plaintiffs were criminals. Defendant INGRAM also was heard to make several statements during investigations suggesting that he would physically injure Plaintiffs or their family members.

21. In order to create a false criminal case against Plaintiffs, Defendant Ingram in concert and agreement with Clifford and Clinton Killingsworth, worked together to bring charges against Plaintiffs.

22. Defendants Clifford and Clinton Killingsworth provided sensitive information back and forth with Defendant Ingram and Defendant Ingram provided confidential law enforcement information concerning Plaintiffs to Defendant Clifford and Clinton Killingsworth.

23. On or about July 13, 2010, Defendant INGRAM arrested Plaintiff B. RODGERS on the charges of first degree grand theft of over $100,000 and the violation of RICO laws. These false charges carried potential ninety (90)-year prison sentences.

24. On or about July 8, 2010, Defendant INGRAM arrested Plaintiff P. FANNING on the charges of first degree grand theft of over $100,000 and the violation of RICO laws. These false charges carried potential ninety (90)-year prison sentences.

25. On or about July 8, 2010, Defendant INGRAM arrested Plaintiff F. LISCOE on the charges of first degree grand theft of over $100,000 and the violation of RICO laws. These false charges carried potential ninety (90)-year prison sentences.

26. The charges against Plaintiff B. RODGERS were dropped on or about August 24, 2012.

27. The charges against Plaintiff P. FANNING were dropped on or about July 6, 2012.

28. The charges against Plaintiff F. LISCOE were dropped on or about March, 2012.

29. Plaintiffs have contracted with the undersigned counsel to represent their interests in bringing this action, and will be required to pay a reasonable fee for such representation. Under applicable law, Defendants should be required to pay Plaintiffs' reasonable attorney's fees, the costs of this action, and any further and other costs associated with this matter.

## COUNT I-FALSE ARREST/IMPRISONMENT
### (against Defendant INGRAM)

30. Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

31. This count sets forth a claim for false arrest and imprisonment under Florida law against Defendant INGRAM, and is pled in the alternative. For purposes of this count, Defendant INGRAM was acting outside the course and scope of his duties and employment with Defendant SHERIFF.

32. Plaintiffs are entitled to relief against Defendant INGRAM in that he intentionally and unlawfully detained and restrained Plaintiffs against their will, deprived Plaintiffs of their liberty without any reasonable cause or color of authority, and maintained such complete restraint and deprivation for a period of time.

33. This unlawful restraint of Plaintiffs' liberty was also accomplished by Defendant INGRAM confining Plaintiffs to an area or areas in which Plaintiffs did not wish to be confined.

34. Plaintiffs were further restrained by Defendant INGRAM's use of coercive words and threats of force, with immediate means of coercion, as well as actual force against Plaintiffs, so that Plaintiffs were restrained and deprived of liberty. Defendant INGRAM restrained Plaintiffs without any justification and in the absence of even arguable probable cause. Defendant INGRAM conducted no independent investigation into whether any criminal conduct had occurred.

35. At all pertinent times, and specifically at all times during which they were being unlawfully restrained, Plaintiffs were restrained against their will and without consent, so that Plaintiffs were not free to leave their place or places of confinement. Defendant INGRAM acted in bad faith, with malicious purpose, and in a manner exhibiting wanton and willful disregard of human rights and safety.

36. As a direct and proximate result of Defendant INGRAM's actions, set forth in part above, Plaintiffs have been damaged.  These damages include, but are not limited to mental anguish, emotional harms, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and other losses. These damages have occurred in the past, are occurring at present, and will likely continue to occur in the future.

37. Plaintiffs are seeking punitive damages under this count.

## COUNT II-FALSE ARREST/IMPRISONMENT
(against Defendant SHERIFF)

38. Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

39. This count sets forth a claim against Defendant SHERIFF for false arrest and imprisonment under Florida law, and is pled in the alternative. For purposes of this count, Defendant INGRAM and/or other employees and agents of Defendant SHERIFF were acting inside the course and scope of their employment with Defendant SHERIFF.

40. Plaintiffs are entitled to relief against Defendant SHERIFF in that Defendant INGRAM and/or other employees and agents of Defendant SHERIFF intentionally and unlawfully detained and restrained Plaintiffs against their will, deprived Plaintiffs of their liberty without any reasonable cause, and maintained such complete restraint and deprivation for a period of time.

41. This unlawful restraint of the Plaintiffs' liberty was also accomplished by Defendant SHERIFF confining Plaintiffs to an area or areas in which Plaintiffs did not wish to be confined and by compelling the Plaintiffs to go where they did not wish to go.

42. Plaintiffs were further restrained by Defendant SHERIFF, through Defendant Ingram's and/or other employees' and/or agents' use of coercive words, threats of force, along with immediate means of coercion, as well as actual force against Plaintiffs, so that the Plaintiffs were restrained and deprived of liberty.  Defendant SHERIFF restrained Plaintiffs without any justification and in the absence of probable cause. Defendant SHERIFF conducted no independent investigation into whether any criminal conduct had occurred.

43. At all pertinent times, and specifically at all times during which they were being

unlawfully restrained, Plaintiffs were restrained against their will and without consent, so that Plaintiffs were not free to leave their place or places of confinement.

44. As a direct and proximate result of Defendant SHERIFF's actions, set forth above, Plaintiffs have been damaged. These damages include, but are not limited to mental anguish, emotional harms, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and other losses. These damages have occurred in the past, are occurring at present, and will likely continue to occur in the future.

## COUNT III-FOURTH AMENDMENT VIOLATION-FALSE ARREST
### (against Defendant INGRAM)

45. Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

46. This count sets forth a claim against Defendant INGRAM for the violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution, based on false arrest and imprisonment, brought through 42 U.S.C. §1983, and is pled in the alternative.

47. In falsely arresting Plaintiffs, Defendant INGRAM operated to violate Plaintiffs' rights under the Fourth Amendment to the United States Constitution not to be falsely arrested and imprisoned. These violations were of the type and character as to which any reasonable person would be aware.

48. Defendant INGRAM is a person under applicable law. Defendant INGRAM is liable to Plaintiffs, jointly and severally with Defendant SHERIFF, for their conduct, individually and in concert, to violate the civil rights of Plaintiffs under the Fourth Amendment to the United States Constitution.

49. Defendant INGRAM acted in bad faith, with malicious purpose, and in a manner

exhibiting wanton and willful disregard of human rights, safety, and property. Additionally, Defendant INGRAM made false statements to effect Plaintiffs' arrest.

50. Defendant INGRAM misused his power, possessed by virtue of state law and made possible only because he was clothed with the authority of state law. The violation of Plaintiffs' rights, as described above, occurred under color of state law, and is actionable under 42 U.S.C. §1983.

51. The foregoing actions by Defendant INGRAM were willful, wanton and in reckless disregard of Plaintiffs' rights, and were taken without any lawful justification and/or in the absence of probable cause. Defendant INGRAM knew or should have known that there was no probable cause to arrest Plaintiffs given the circumstances present.

52. Based upon the facts presented to Defendant INGRAM and the applicable law, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest Plaintiffs. Defendant INGRAM's actions constituted false arrest under the Fourth Amendment to the United States Constitution at the time these actions occurred.

53. The actions or inactions of Defendant INGRAM, as set forth in part above, constituted deliberate indifference and reckless disregard for the rights and safety of Plaintiffs when he knew of and disregarded the risks to Plaintiffs.

54. As a direct and proximate result of Defendant INGRAM's actions, set forth in part above, Plaintiffs have been damaged.  These damages include, but are not limited to mental anguish, emotional harms, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and other losses. These damages have occurred in the past, are occurring at present, and will likely continue to occur in the future.  Defendant INGRAM is jointly and severally liable

with Defendant SHERIFF for the unlawful conduct alleged in this count.

55. Plaintiffs are entitled to punitive damages under this count.

### COUNT IV-FOURTH AMENDMENT VIOLATION-FALSE ARREST
**(against Defendant SHERIFF)**

56. Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

57. This count sets forth a claim against Defendant SHERIFF for the violation of the Plaintiffs' rights under the Fourth Amendment to the United States Constitution, based on false arrest and imprisonment, brought under 42 U.S.C. §1983, and which is pled in the alternative. For purposes of this count, Defendant INGRAM and/or other employees and/or agents of Defendant SHERIFF were operating within the course and scope of their employment and or agency relationships with Defendant SHERIFF.

58. Through Defendant INGRAM and/or other employees and/or agents, Defendant SHERIFF violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution not to be falsely arrested and imprisoned. These violations were of the type and character as to which any reasonable person would be aware. MORGAN was the final policymaker for Defendant SHERIFF and either (1) personally approved the decisions by Defendant Ingram alleged herein; (2) acted with deliberate indifference in the failure to train Ingram and others who participated in the actions alleged herein; and/or (3) there was a custom, policy, and/or practice of arrests of the type alleged to have occurred herein that constitute Fourth Amendment violations. Alternatively, Defendant INGRAM functioned as the final policymaker for the SHERIFF in connection with the allegations herein and his decisions and actions were simply ratified by higher levels of authority at the Escambia County Sheriff's Office.

59. Defendant SHERIFF misused his power, possessed by virtue of state law and

made possible only because he was clothed with the authority of state law. Defendant SHERIFF's actions in violation of Plaintiffs' rights, set forth in part above, were taken under color of state law, and such actions are actionable under 42 U.S.C. §1983.

60.     The foregoing actions of Defendant SHERIFF were willful, wanton, and in reckless disregard of Plaintiffs' rights, and were taken without any lawful justification and in the absence of probable cause. Defendant SHERIFF knew or should have known that there was no probable cause to arrest Plaintiffs given the circumstances present.

61.     Based upon the facts presented to Defendant SHERIFF and the applicable law, no reasonable law enforcement officer could have concluded that there existed any probable cause to arrest Plaintiffs. Defendant SHERIFF's actions constituted false arrest under the Fourth Amendment to the United States Constitution.

62.     The actions or inactions of Defendant SHERIFF, as set forth in part above, constituted exercises of deliberate indifference and reckless disregard for the safety of Plaintiffs when he knew of and disregarded risks to Plaintiffs' health and safety.

63.     Additionally, Defendant SHERIFF acted with deliberate indifference in the failure to implement adequate hiring, retention, training and supervisory procedures, including procedures to train detectives to properly identify suspects of crimes, and to identify detectives who falsified facts to support probable cause to arrest a person like Plaintiff.

64.     At all pertinent times, MORGAN was an official with final policymaking *authority for* Defendant SHERIFF, and he was directly responsible for the violations of Plaintiffs' Fourth Amendment rights set forth in part above.

65.     Additionally, MORGAN was responsible for hiring, retaining, training, and supervising the law enforcement officers who worked under him and, when necessary, for

investigating alleged wrongdoing by his employees and disciplining those employees. Through MORGAN and/or others, Defendant SHERIFF failed to properly hire, retain, train, supervise, investigate and discipline Defendant INGRAM. More specifically, Defendant SHERIFF failed to adequately hire, retain, train, and supervise Defendant INGRAM, such that constitutional violations were allowed to occur.  Defendant SHERIFF's actions in failing to adequately hire, retain, train, and supervise Defendant INGRAM constituted deliberate indifference to Plaintiffs' constitutional right to be free from false and fraudulent arrests.

66. At all pertinent times, Defendant SHERIFF acted under color of state law.

67. As a direct and proximate result of Defendant INGRAM's actions, set forth in part above, Plaintiffs have been damaged.  These damages include, but are not limited to mental anguish, emotional harms, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and other losses. These damages have occurred in the past, are occurring at present, and will likely continue to occur in the future. Defendant SHERIFF is jointly and severally liable with Defendant INGRAM to the Plaintiffs for the unlawful conduct alleged in this count.

**COUNT V - 4th AMENDMENT VIOLATIONS FOR FALSE ARREST - CONSPIRACY**
**(against Defendant CLIFFORD KILLINGSWORTH)**

68. Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

69. This count sets forth a claim against Defendant CLIFFORD KILLINGSWORTH for the violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution, based on false arrest and imprisonment, brought through 42 U.S.C. §1983, and is pled in the alternative.

70. Defendant CLIFFORD KILLINGSWORTH, a private citizen reached an

understanding with Defendant Ingram, an Escambia County Sheriff's deputy, to deprive Plaintiffs of their Fourth Amendment rights to be free from unlawful arrest and unlawful imprisonment.

71. Through concerted actions of both Defendant CLIFFORD KILLINGSWORTH and Defendant Ingram, including the sharing of information, phone calls, and other communications, the defendants acted together in a manner designed to bring about false charges and cause a false arrest of Plaintiffs in violation of their Fourth Amendment rights, including, Defendant Ingram's sharing of confidential law enforcement information with Defendant Killingsworth for his use in assisting to bring about the false arrest and imprisonment of Plaintiffs.

72. As a result of the agreement and concerted efforts of Defendant Killingsworth and Defendant Ingram, Plaintiffs were subjected to false arrest and imprisonment in violation of their Fourth Amendment rights.

73. Through Defendant Killingsworth's actions in collaboration with Defendant Ingram, Defendant Killingsworth acted under color of state law.

74. As a direct and proximate result of Defendant Clifford Killingworth's actions, set forth in part above, Plaintiffs have been damaged.  These damages include, but are not limited to mental anguish, emotional harms, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and other losses. These damages have occurred in the past, are occurring at present, and will likely continue to occur in the future. Defendant Killingsworth is jointly and severally liable with Defendant Ingram to the Plaintiffs for the unlawful conduct alleged in this count.

## COUNT VI - 4th AMENDMENT VIOLATIONS FOR FALSE ARREST - CONSPIRACY
### (against Defendant CLINTON KILLINGSWORTH)

75. Paragraphs 1 through 29 are re-alleged and incorporated herein by reference.

76. This count sets forth a claim against Defendant CLINTON KILLINGSWORTH for the violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution, based on false arrest and imprisonment, brought through 42 U.S.C. §1983, and is pled in the alternative.

77. Defendant CLINTON KILLINGSWORTH, a private citizen reached an understanding with Defendant Ingram, an Escambia County Sheriff's deputy, to deprive Plaintiffs of their Fourth Amendment rights to be free from unlawful arrest and unlawful imprisonment.

78. Through concerted actions of both Defendant Clifford Killingsworth and Defendant Ingram, including the sharing of information, phone calls, and other communications, the defendants acted together in a manner designed to bring about false charges and cause a false arrest of Plaintiffs in violation of Plaintiffs' Fourth Amendment rights, including but not limited to, Defendant Ingram's sharing of confidential law enforcement information with Defendant Killingsworth for his use in assisting to bring about the false arrest and imprisonment of Plaintiffs.

79. As a result of the agreement and concerted efforts of Defendant Killingsworth and Defendant Ingram, Plaintiffs were subjected to false arrest and imprisonment in violation of their Fourth Amendment rights.

80. Through Defendant Killingsworth's actions in collaboration with Defendant Ingram, Defendant Killingsworth acted under color of state law.

81.     As a direct and proximate result of Defendant CLINTON KILLINGSWORTH's actions, set forth in part above, Plaintiffs have been damaged.  These damages include, but are not limited to mental anguish, emotional harms, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and other losses. These damages have occurred in the past, are occurring at present, and will likely continue to occur in the future. Defendant Killingsworth is jointly and severally liable with Defendant Ingram to the Plaintiffs for the unlawful conduct alleged in this count.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief on their civil rights claims brought pursuant to 42 U.S.C. §§ 1983 and 1988 and their state law claims:

(A)     Judgment for compensatory damages against Defendant Ingram;

(B)     Judgment for compensatory damages against Defendant Morgan;

(C)     Judgment for compensatory damages against Defendant Clifford Killingsworth;

(D)     Judgment for compensatory damages against Defendant Clinton Killingsworth;

(E)     Judgment for punitive damages against Defendant Ingram;

(F)     Judgment for punitive damages against Defendant Morgan;

(G)     Judgment for punitive damages against Defendant Clifford Killingsworth;

(H)     Judgment for punitive damages against Defendant Clinton Killingsworth;

(I)     Judgment for attorney's fees pursuant to 42 U.S.C. § 1988, together with the costs and expenses of this civil rights action;

(J)     Judgment for pre-judgment interest on all economic losses and prejudgment interest on attorney's fees for delay in payment;

(K)  Judgment for damages for wage loss, humiliation, mental and emotional pain and suffering, loss of dignity, embarassment, and loss of the capacity of enjoyment of life;

(L)  Judgment for damages for loss of reputation and loss of employment opportunities;

(M)  A trial by jury on all issues so triable;

(N)  Such other and further relief as this Court may deem just, proper, and appropriate.

Respectfully submitted this 4TH day of June, 2014.

   /s/  J. Alistair McKenzie
J. ALISTAIR MCKENZIE
Florida Bar No.  0091849
**McKenzie Law Firm, P.A.**
905 East Hatton Street
Pensacola, Florida 32503-3931
Telephone: (850) 432-2856
Facsimile: (850) 202-2012
Email: amckenzie@mckenzielawfirm.com
Attorney for Plaintiffs